**BURGER, d. b. a. CLUB AMBASSADOR, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5295.   Decided September 21, 1955.

494

Roger Chacksfield, Cincinnati, Nelson Lancione, Columbus, for appellant.

Hon. C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellees.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming an order of the Board of Liquor Control revoking six permits of appellant. One error is assigned, namely, that the Common Pleas Court erred in holding that the order of the Board of Liquor Control was supported by reliable, probative and substantial evidence.

There were two charges against the permit holder identical in form except as to date, namely, that on:

"January 7 and January 8, 1954 and prior thereto you and/or your agent or employee did knowingly and wilfully allow in and on the permit premises, immoral and indecedent conduct, to wit, the loitering and soliciting of prostitutes—in violation of the provisions of the Liquor Control Act and the regulations of the Board of Liquor Control."

The Department and the Board found both charges to be established but did not differentiate whether the acts complained of were knowingly and wilfully allowed by permittee or his agent, the bartender.

There is an abundance of evidence that the bartender who was in full charge of permittee's business when he was absent had full knowledge of the presence of the two prostitutes in the saloon and of the two men who were soliciting for them and that the bartender also participated in the solicitation. There is some testimony that the permittee had specific notice and knowledge of what was transpiring and circumstantial evidence that he must have known. The proof of knowledge of the permittee is not especially convincing and he denies it vigorously. We cannot say upon what theory the Department and the Board made their determination that the charges had been substantiated and we cannot invade their province of weighing and evaluating the testimony.

The principal contention of appellant is that inasmuch as it appears that the bartender was a party to the arrangement with the prostitutes and shared in the income of one of them, his interest was adverse to that of his principal and it is clear that he would not communicate his

knowledge of the acts complained of to his principal; therefore, the principal may not be held to have known of the acts. Citing 2 **O. Jur., 2d, 241.**

Because of the state of the proof and the general finding of the Board the question principally urged is not determinative of the appeal.

Courts certainly would view with caution the application of the adverse interest principle of agency to the relation between a permittee and his bartender in applying the statutes and the rules of the Department as to the conduct of the business of trafficking in intoxicating liquors. If the rule of imputed knowledge of the agent to his principal is to be abrogated in all instances where a bartender in full charge of the business commits or permits act, forbidden by statute or rule, which are beneficial to the bartender and adverse to the interest of the principal, the function and purpose of the bodies charged with the enforcement of the Liquor Act will be seriously hampered. However, we express no opinion as to the application of the rule where the factual development would clearly require it.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.